# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS



RECEIVED IN CLERK'S OFFICE
DATE 2/14/2020

JODY ELLIOTT LMHC
Plaintiff                                    Case No:


v.

OFFICER, JAMES JOHNSON, SALM POLICE DEPARTMENT

v.

CATALDO AMBULANCE SERVICE


## BASIS FOR FEDERAL JURISDICTION

This complaint is an <u>amended petition</u> removed from Newburyport District

Court on February 5th 2020.

Civil Action No: 1977CVO1299B

<u>Foundation for Removal:</u>

The Defendant,  Office Johnson,  informed Plaintiff that his assault of

Plaintiff was conducted as an Officer of the Salem Police Department.

Plaintiffs original petition states Officer Johnson was acting as a citizen and

misused his authority as a Police Officer.  As the Defendant was acting

under color of State Law, his actions invoke **Title 18 USC section 242 and**

**Federal Court Jurisdiction.**

Following Plaintiff's filing in State Court, she discovered that Catadlo

Ambulance Service, to support Officer Johnson's use of force, recorded in

Plaintiffs Medical Records the false information that Plaintiff assaulted a

Police Officer and two medical personal. Cataldo's false information

resulted in the loss of Plaintiffs Physician and 6 months of Plaintiff without a

medical doctor. This information altered the scope of Plaintiffs petition.

Cataldo Ambulance's actions invoke **Title 118 USC 1038, and, as their**

**actions violate Federal Statue and resulted in injury, the complaint**

**falls under Federal Jurisdiction.**

Plaintiff is bringing this complaint under **Constitutional Law**.  Plaintiff is

stating that Officer Johnson's assault and battery violated her 4th

Amendment right through unreasonable search and seizure;  **a Federal**

**Question, thus Federal Jurisdiction.**

Plaintiff is informing the Court that Officer Johnson, through past actions,

can be applicable under Judge Burroughs order to enjoin Plaintiff from filing

further FRIVOLOUS lawsuits without leave of her court.  Frivolous: silly and

foolish.  Plaintiffs complaint is neither silly or foolish. Plaintiffs complaint

**has merit and Federal Court Jurisdiction.**

"The Plaintiff is so litigious that she was actually enjoined from filing further

pro se complaints in Federal Court. ...While the Order enjoining

Plaintff..does not impact her ability to litigate in state court, ... broad

discretion to grant or deny injunction relief.  That being said, the underlying

reasons for enjoining the Plaintiff from fillng more pro se complaints in

Federal Court could equally apply here. ...In Particular ...as much of an

abuse of the process with respect to this court system as it with the Federal

Court.

As Judge Burroughs order is being used to support the dismissal of the

above complaint in State Court, the complaint must **return to the Court**

**who implemented the unconstitutional (1st Amendment) order.**

It should be noted that due to the restriction on Plaintiff's pleadings by

Judge Burroughs, the Defendant has chosen to use the Slander (Elliott v

Honor Segal. et al) by the Defendant, named in that complaint, as a

Defense;  Officer johnson was also aware of the Plaintiff's history of alleged

mental illness and disruptive behavior   previous neighbors "claimed that

she was mentally ill and had a long and well documented history of

3

<u>disruptive behaviors.....</u>The Defendant is claiming that slanderous statements made by the previous defendant, regarding Plaintiffs mental health, allowed the assault by Officer Johnson.  The use of this defense ensures that Plaintiff can not petition the Federal Court. As this action is **unconstitutional it further supports Federal Jurisdiction.**

**Plaintiff is claiming Federal Jurisdiction pursuit to 28 USC 1331**

Plaintiff will follow the instructions put forth by Judge Burroughs and summit this claim as she instructs.  Judge Burroughs can not prejudice Plaintiff for filing a Frivolous Complaint as this complaint has merit and the injuries suffered were of a severe nature.

## COMPLAINT FOR A CIVIL CASE

1.  Parties to this complaint:

A.  **Plaintiff:**  Jody Elliott, LMHC

    163 North St

    Salem MA 01970

4

(978) 778-4935

jody8251@gmail.com

B. **Defendant:** Officer James Johnson, Salem Police Department (SPD)

Defendants Legal Representation:

Attorney Tom Donahue

Brody, Hardoon, Perkins and Keston, LLP

699 Boylston St.

Boston MA 02116

**Defendant:** Cataldo Ambulence

137 Washington Street

Somerville MA 02143

(617) 625-0126

## STATEMENT OF THE CLAIM

Plaintiff has informed Officer Johnson, on numerous occasions, to remain

outside her home and not to involve himself in her life. Since 2014 Plaintiff

has viewed Officer Johnson as an angry, unethical, Police Officer.  Officer

Johnson has reinforced Plaintiffs view by entering her home without

permission in the past.

On August 31st 2019, Defendant Officer Johnson, entered Plaintiffs home

in the guise of assisting Medical Personnel, who had responded to a 911

call for medical assistance.  Officer Johnson used the circumstances to

brutally assault Plaintiff and place her in restraints. Once restrained he

ordered Cataldo Ambulance to transport Plaintiff to Salem Hospital.  Within

20 minutes Plaintiff was released from the Hospital. The Attending

Physician found Plaintiff cognitively aware and capable of making her own

medical decisions.

On that date, after a  2 hour rest,  Plaintiff went to the Salem Police

Department to file a complaint for assault.  Plaintiff was informed by Lt.

Gaudet that she could not file a complaint as Capt. Stevens was

unavailable until Tuesday.  Labor day weekend. Officer Gaudet continued

on to  inform Plaintiff there was no incident report regarding her address.

Plaintiff agreed to return on Tuesday.  Plaintiff did not return to the Police

6

Station until Thursday due to the injuries she received in the assault.

Plaintiff laid in bed for three days, vomiting severely, which she contributes

to the head injury inflicted on  her by Officer Johnson. Plaintiff did not return

to the hospital for aid due to the humiliation she experienced on her

previous visit.

When Plaintiff returned to the Salem Police Station on Thursday, Capt.

Stevens was again ,unavailable for Plaintiff to file a complaint.  Plaintiff

checked incident reports and found one for the date and address . Officer

Johnson had filed a report upon discovering that Plaintiff was going to file a

report of assault and battery.  The Incident Report's tone is very angry,: he

starts with the fictional statement that Plaintiffs daughter dismisses Medical

Personnel when they respond to her 911 calls.  Plaintiffs daughter does not

participate in this habit. Officer Johnson goes on to state:  All during

medical and fire  interaction with MS Elliott she was uncooperative, loud,

belligerent, and used profane and insulting language. She expressed

dislike for this officer so I attempted to remain away from her as much as

possible.  This statement is untrue as evidenced by the fact that Plaintiff

allowed the medical personnel, on two occasions, to **test** her blood for

sugar content; a very invasive procedure. If Plaintiff was uncooperative

then how did the EMT personal obtain her blood ?

When the EMT's were conducting their medical evaluation, EMT Joshua

Wilkins would not enter the Kitchen where EMT Manning was conducting

the evaluation. Joshua Wilkin's remained in another room, popping his

head in and out, reporting to Officer Johnson, who stood out of sight,

behind him.  Joshua Wilkins behavior was causing anxiety in Plaintiff, who

finally stated she did not like what he was doing and that she did not like

him.

Next Plaintiff was informed that due to her low blood sugar she would have

to be transported to Salem Hospital - she had no choice. Of importance,

not once during the events of that morning did the EMT's or Officer

Johnson allowed Plaintiff to rest and drink a "boost";  the proven method for

addressing Plaintiffs episodes of Low sugar.

When Plaintiff was informed she would be forcefully taken to the Hospital

she left the kitchen and ran into the Parlor.  Plaintiff needed a few minutes

to figure out how to manage this increasingly threatening situation. Plaintiff

acknowledges she threw a coach pillow at the parlor door in an attempt to

close it. EMT Wilkins walked in the door and the pillow hit him instead.  This

is the alleged Assault on EMT Wilkins. Plaintiff was in the parlor less then a minute before Officer Johnson entered and forcefully grabbed her wrist. Plaintiff, instinctually, slapped Officer Johnson's hand away.  The second this action happened Plaintiff knew she was in danger. Officer Johnson stated Plaintiff assaulted him and grabbed her right arm and twisted it up Plaintiffs back.  Next, He dragged Plaintiff to the stairs that led to the exit of her home. Plaintiff grabbed the stairwell and told Officer Johnson that she did not have to go to the Hospital, she just needed to drink a boost.  Officer Johnson ignored her, and in an attempt to force the release of Plaintiffs hold on the stairs, twisted her right arm so far up her back that Plaintiff screamed. When they heard Plaintiff scream,  Plaintiff's daughter, who had been instructed by Officer Johnson to remain in her room and not leave (Plaintiffs daughter is her medical proxy)  and Plaintiff's grandson, left their rooms and came out to protect Plaintiff. Plaintiffs daughter informed Officer Johnson to stop his assault and Plaintiff's grandson stated that this could not be the result of low blood sugar. Officer Johnson ignored the comments of Plaintiffs family to cease the brutality and continually pushed Pliantiffs right arm up her back until the pain forced her to let go of the stairwell. Once Plaintiff let go, Officer Johnson slammed Plaintiff's face into the

stairs, at the bridge of her nose,  and then, slammed Plaintiffs left arm (the one she was holding on to the stairwell with) onto the Stairs numerous times, until Plaintiff could no longer feel sensation in it. Next, Officer Johnson, pulled Plaintiff, face down the stairs while keeping her right arm pressed up her back.  Somehow, during the struggle, Plaintiff injured her back severely (photos) The weight of Officer Johnson ?  Plaintiff is of light weight; at 5' feet 7 " she weighs in between 130 and 134 lbs.  . Plaintiff was next physically restrained and placed in Cataldo Ambulance and sent to the Hospital.  These actions were on Public  Display and humiliated Plaintiff. EMT Manning accompied Plaintiff to the Hospital.  EMT Manning kept stating, "I never touched you."  and "I never laid a hand on you". It was clear EMT Manning was concerned regarding the events that occurred. Officer Johnson did incorporate him; claiming that Plaintiff assaulted two EMT's. Joshue Wilkins and EMT Manning.

When Plaintiff arrived at the hospital she was embarrassed at the attention the Hospital staff was giving her.  It is true, following the assault she was angry and yelled at the Ambulance Driver. Anyone who works with Traumatized victims will understand this post trauma anger; it is pure survival at this point.  The presenting Physician was patient considering

Plaintiffs emotional state. He asked Plaintiff a few questions and quickly

determined that Plaintiff was coherent and able to determine her own

medical care. She was discharged within minutes. There was no MEDICAL

NEED for Plaintiff to go to the hospital.  At all times the presenting

Physician kept a 6 foot distance from Plaintiff. At one point, when he

inquired about injuries, Plaintiff asked him to examine her back; for some

reason the pain in her back was extreme, however, as the Physician

approached her, Plaintiff became frightened and told him not to come

closer. This is a common response from anyone who has been assaulted.

Plaintiff left the hospital, dressed in only her night shift. Outside the

Hospital, crying, Plaintiff was immediately picked up by her daughter who

was driving into the Hospital Parking Lot at that time.

A few hours later Plaintiff went to the Salem Police Department to file

assault charges.

A few weeks later, Plaintiff went to her Primary Care doctor due to her nose

continuing to be painful with feelings of ongoing injury.  While Plaintiffs

doctor was reviewing the hospital report of the events, she stated that

<u>Plaintiff was not assaulted, ...she was just paranoid.</u>  Plaintiffs doctor was

basing her decision on the fact that Plaintiff's medical records stated that it

was Plaintiff who assaulted 3 people.  As a LMHC who has worked for

almost 20 years with victims of Trauma, the worst thing anyone can do is to

blame the victim of for being responsible for her own injuries. Plaintiff

cancelled the relationship with her Physician.

## CLAIM AND REMEDY

Plaintiff is stating to this Federal Court That Officer Johnson violated her

4th Amendment right of protection against unreasonable search and

seizures.  Searches and SEIZURES under the 4th Amendment must be

reasonable; No EXCESSIVE FORCE should be used.  It is clear that

Officer Johnson, with a previous motive of anger toward Plaintiff, used

excessive force, to force her to Unconstitutionally go to the Hospital.

Plaintiff's  sustaining sever injuries while being denied the sugar to correct

her low blood sugar is evidence of this injustice.  For the injuries sustained

Plaintiff has asked the Court for remedy of $15,000 (Emotional and

Physical Distress) and that the Defendant pay for all medical bills resulting

from the Assault.  Currently, due to the lapse in Plaintiff medical care,

Plaintiff is awaiting the results of the damage to her nose from being

smashed onto the stairs.

Plaintiff will accept any remedy for injuries that a Jury determines.

Cataldo Ambulance, supported this assault on Plaintiff, by falsely recording in her Medical Record that Plaintiff assaulted 2 EMT's and a Police Officer. As the Ambulance employee did not witness any interaction between Plaintiff and Officer Johnson, he placed this false information on record due to the instruction of Officer Johnson. It is true Plaintiff was unfriendly to the Ambulance employee, she was still emotionally impacted by the assault, but this unfriendliness is not cause to violate Plaintiffs rights. This act violates Federal law Title 18 USC section 1038, and meets the criteria for Defamation. Thus Plaintiff is bringing this complaint under the laws of Defamation. That this false recording resulted in injury to Plaintiff (loss of Physician and medical care) she is deserving of Remedy.  Plaintiff is requesting this Federal Court to instruct Cataldo Ambulance to remove this false information from Plaintiff's Medical Record.  Plaintiff has attempted to resolve this problem with Cataldo Ambulance, but they have refused to comply with her request. It is the responsibility of this court to order Cataldo to remove it's false statements. As injuries resulted from their action Plaintiff is asking $5,000. in damages and Plaintiff is requesting the court to erase Plaintiffs debt to this organization for the unconstitutional transport of her.

Thank you, Jody Elliott LMHC, February 13th 2020

**All parties have been notified of this request.** → only
THOMAS Dononue
ATTORNEY for OFFICER
Johnson

*Jody Elliott LMHC* — 2 - 13 - 20

I, JODY ELLIOH LMHC, CERTIFY THAT under the
PAINS of PENALITY AND perJury,
  THAT THERE IS A good FAITH BASIS
  AND NEED For the Filing

Jody Ellett LMHC

RECEIVED IN CLERK'S OFFICE
DATE 2/14/2020